HOLMES, Judge
(dissenting).
The opinion authored by our distinguished presiding judge apparently bases reversal of the trial court on a finding that the court’s order authorizing the Department of Pensions and Security to place the minor children with the father if it sees fit is inconsistent with its order terminating the father’s parental rights.
I do not believe this necessarily requires reversal although admittedly such action is somewhat unusual. The trial judge apparently found that he was “clearly convinced” that the father’s parental rights were due to be terminated at this time. However, the trial judge’s order apparently gives the Department of Pensions and Security discretion to award custody back to the natural father if, at some time in the future, he develops into a well suited parent.
The reversal of the trial judge’s order in this case might well deprive the Department of Pensions and Security of a valuable tool in providing for the welfare of children of this state. The trial court, as the hearer of evidence, is the best qualified authority to resolve situations such as this one. Its order in this case gives the Department of Pensions and Security discretion to find a good home for the children or grant custody to the father if at some time he proves himself worthy. It is my opinion that the judgment of the circuit court is not so framed as to require reversal, but may provide a means to accomplish what is in the best interest of the children.